**Affirmed and Memorandum Opinion filed December 20, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00373-CR

---

### RENE HERNANDEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 23rd District Court
Brazoria County, Texas
Trial Court Cause No. 63478**

---

## M E M O R A N D U M   O P I N I O N

Appellant Rene Hernandez challenges the legal sufficiency of the evidence supporting his conviction for two counts of sexual assault of a child under fourteen. We affirm.

In 2010, appellant's twenty-six year old niece, T.M., came forward regarding numerous instances of sexual assault appellant had committed over the course of several years of her early childhood. Appellant was indicted for three

counts of sexual assault based on her recollections: (1) on or about the 1st day of February 1991, intentionally or knowingly causing the penetration of the mouth of T.M., a child younger than fourteen, by the sexual organ of appellant; (2) on or about the 1st day of September 1996, intentionally or knowingly causing the penetration of the mouth of T.M., a child younger than fourteen, by the sexual organ of appellant; and (3) on or about the 1st day of September 1998, intentionally or knowingly causing the sexual organ of T.M., a child younger than fourteen, to contact the sexual organ of appellant. T.M., who was born on January 13, 1986, was five years old when the first alleged incident occurred, ten years old when the second incident occurred, and twelve years old when the third incident occurred.

At appellant's trial, T.M. testified regarding details of three specific events. The first incident she described occurred in 1991, while she was staying overnight at appellant's home. She explained that she, her cousin (appellant's daughter), appellant, and her aunt (appellant's wife) were lying on a mattress on the floor in the living room. Appellant touched her through her diaper with, what she realized as an adult looking back, was his penis.[1] She testified that he brought her hand back to touch his penis. T.M. testified, "I remember after that having to perform oral sex on him, but I couldn't tell you how many times. I couldn't tell you where exactly. I just know that I had to do that."

The second incident she recalled "vividly" occurred at the home of another family member. She was between eight and nine at that time. According to T.M., she was in the bathroom with appellant and other people were in the house. T.M. could not remember who else was in the house when the incident occurred or how

_____

[1] T.M. testified that she still wet the bed at night at that age, so if she spent the night away from home, she still wore a diaper to bed.

2

she and appellant came to be in the bathroom together. She testified that she performed oral sex on appellant while she was backed up against the bathroom door. T.M. stated that appellant unzipped his pants, placed his hand on her head, and put his penis in her mouth. She further testified that he ejaculated in her mouth, that it was "gross," and that she "spit it out." She described a "gross, sticky smell" in the bathroom and recalled that the bathroom door was brown.

T.M. described the third specific incident as follows. She was at appellant's house when she was in the sixth grade. She was alone in a bedroom on the top bunk of a bunk bed during the day. Appellant came in, pulled his pants down, and rubbed his penis against her vagina. A car pulled into the driveway, and appellant instructed her to run into the bathroom. He followed her into the bathroom and told her that she should not worry about getting pregnant. He also gave her five dollars and told her not to tell anyone. T.M. could not remember why she was at appellant's home or who arrived at the house and interrupted this assault.

T.M. also testified that she made a phone call to appellant and left a "dirty message" on his answering machine. She could not remember exactly when she made the call, but believed it happened sometime between the first specific incident she recalled and the second, described above. T.M.'s mother, the sister of appellant's wife, also testified. She explained that, when T.M. was around five or six, T.M. made an outcry regarding inappropriate sexual behavior by appellant.[2] The family decided to "handle" the incident internally without notifying the police.

---

[2] It appears that this "outcry" involved the telephone message T.M. described. T.M. testified that this leaving this message was "a really, really big deal." She remembered that leaving the message caused "a lot of commotion" and "it was a bad time." T.M. testified regarding the phone call as follows:

> I remember that [my mother] knew [about the initial sexual abuse] by that phone call. That's how I mentioned it. That's how it came out was by that phone call. I don't remember having an actual conversation with her. I just remember everybody knowing that it was mentioned because of that phone call.

3

T.M.'s outcry caused familial strife, but did not cause T.M.'s family to stop interacting with appellant's family. According to T.M., she believed that nothing would be done because appellant "did not get in trouble" the first time she outcried, so she never told anyone about the ongoing sexual abuse. She only came forward after she was married and had a child of her own.

The jury convicted appellant of the second and third counts described above and acquitted him of the first count. After a punishment hearing, at which several extraneous offenses were introduced, the jury sentenced appellant to life for each count. The trial court entered judgment on the jury's verdict and ordered the sentences to run concurrently. This appeal timely ensued.

Appellant challenges the legal sufficiency of the evidence to support his conviction of counts two and three.[3] We review the sufficiency of the evidence by considering all of the evidence in the light most favorable to the verdict and determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Winfrey v. State*, 323 S.W.3d 875, 878–79 (Tex. Crim. App. 2010). As is relevant here, a person commits the offense of aggravated sexual assault of a child younger than fourteen if he intentionally or knowingly causes the penetration of the child's mouth by his sexual organ or causes the child's sexual organ to contact his sexual organ. Tex. Penal Code § 22.021(a)(1)(B)(ii), (iii). Importantly, a victim's uncorroborated

---

[3] Appellant's legal sufficiency challenge largely rests on the lack of corroboration of T.M.'s testimony. By asserting this argument, appellant ignores the legislative mandate that, when a victim is under the age of seventeen at the time of the offense, as T.M. was in this case, her *uncorroborated* testimony can support a conviction under section 22.011 of the Texas Penal Code. Tex. Code Crim. Proc. art. 38.02(a), (b)(1). (An earlier version of this statute was in effect at the time of the offenses alleged here. Count two was alleged to have occurred in 1996, when T.M. was around ten years old. Count three was alleged to have occurred in 1998, when T.M. was around twelve years old. The corroboration requirement in effect at that time did not apply to victims under the age of eighteen. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 12.01, 1993 Tex. Gen. Laws 3768 (current version at Tex. Code Crim. Proc. 38.07).)

testimony may support a conviction for sexual assault if, at the time of the alleged offense, the victim was seventeen years of age or younger. *See* Tex. Code of Crim. Proc. art. 38.07(a), (b)(1).

As discussed above, T.M. described a specific instance in which appellant penetrated her mouth with his sexual organ. *See* Tex. Penal Code § 22.021(a)(1)(B)(ii). She further detailed an incident where appellant contacted her sexual organ with his sexual organ. *See id.* § 22.021(a)(1)(B)(iii). Indeed, T.M. provided numerous specific details regarding these two offenses. Further, her mother testified that T.M. made an outcry when she was around five or six years old regarding inappropriate behavior by appellant. Finally, because T.M. was under seventeen at the time of these offenses, her testimony alone is sufficient to support appellant's conviction for these offenses. *See* Tex. Code Crim. Proc. art. 38.07(b)(1); *Tran v. State*, 221 S.W.3d 79, 88 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

In short, viewing the evidence in the light most favorable to the jury's verdict, we conclude that a rational trier of fact could have found the essential elements of these offenses beyond a reasonable doubt. *Winfrey*, 323 S.W.3d at 878–79; *Tran*, 221 S.W.3d at 88. Accordingly, we overrule appellant's challenges to the sufficiency of the evidence and affirm the trial court's judgment.

/s/     Adele Hedges
        Chief Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).